W. S. Culbertson et al. *v.* Maria H. Brashear et al.

**Appearance—Presence in Court—Waiver of Notice.**
Where, at the time complainant filed her petition, defendants were in court and waived notice, it had the effect of bringing defendants before the court for all the purposes of the petition.

**New Trial—Undisputed Evidence of Plaintiff.**
Where the evidence of plaintiff in petition for a new trial is undisputed, it was held sufficient to authorize the granting of a new trial.

APPEAL FROM DAVIESS CIRCUIT COURT.

February 28, 1874.

Opinion by Judge Lindsay:

The petition of Mrs. Brashears shows that she was sick, and unable to attend court at any time during the term at which the judgment was taken against her by default. She states further that this was one of the reasons she did not make defense. The fact that she was ignorant of business, and did not understand the objects of appellants' suit, and relied on her husband and son, ought not to militate against her in view of the fact that she could not have looked after her interest and made defense, even had she been desirous of doing so. It may well be assumed that her sickness was to some extent the cause of her failing to inquire into the nature of the proceeding that had been instituted against her.

Appellants were in court and waived notice, when appellee presented her petition and moved for an order of injunction, and consented that the actions should be submitted on exceptions to sale, etc. This had the effect of bringing them before the court for all the purposes of the petition. The injunction asked for was intended to be merely temporary. It was a provisional remedy ancillary to the relief which appellee claimed she was ultimately entitled to. Being in court, the order of warning was unnecessary. Mrs. Brashear was a competent witness. Her evidence is undisputed.

It authorized the judgment granting the new trial, and warranted the dismissal of appellant's petition, so far as it sought to subject her lands to the payment of her husband's debts.

Judgment affirmed.

*Williams,* for *appellants.*

*Owens & Ellis,* for *appellees.*